UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUDOLPHUS BOANS, JR.,

                Plaintiff,

                                                **DECISION AND ORDER**
                                                09-CV-37A
    v.

TOWN OF CHEEKTOWAGA et al.,

                Defendants.

Defendants Town of Cheektowaga, Town of Cheektowaga Police Department, Police Officer Brian R. Gray, and James E. Davis ("defendants" or the "now-remaining defendants") have made a motion to vacate the Order of this Court dated July 13, 2009, adopting a stipulation of discontinuance between plaintiff and certain former defendants. Defendants claim that they had no prior notice of the stipulation and that it did not indicate that it was a partial stipulation. Defendants claim further that they had to approve the stipulation and would have refused to do so because it prejudices them and the cross-claims that they have asserted. Because this Court had the authority to accept the stipulation as filed, and because there is no indication anywhere in the docket that defendants have answered the complaint, let alone asserted cross-claims, the Court will deny the motion without the need for a response from plaintiff.

## BACKGROUND

On December 12, 2008, plaintiff filed a summons and complaint in New York State Supreme Court, Erie County. The complaint contained three causes of action arising from an incident that allegedly occurred in the early morning of September 15, 2007, in the drive-through lane of a McDonald's restaurant in Cheektowaga, New York. From the information available in the complaint, plaintiff was in his car in the drive-through lane when a motor vehicle owned and operated by the former defendants struck his car. This accident, and the resulting injuries that plaintiff allegedly sustained, gave rise to the second and third causes of action for personal injury and negligent hiring of the driver. The second and third causes of action named only the now-former defendants.

Although the complaint does not explain how events unfolded, the first cause of action arose from a separate incident that allegedly occurred at the same time and place and that also involved plaintiff. In the first cause of action, plaintiff accused defendants of violations of 42 U.S.C. § 1983 that included false arrest and malicious prosecution. The first cause of action of action named defendants only, not any of the former defendants.

On January 12, 2009, defendants removed this case to this Court. From the information available on the docket, defendants did not answer the complaint in state court and never answered the complaint after removal as required by Rule 81(c)(2) of the Federal Rules of Civil Procedure ("FRCP"). The next activity

2

in this case that concerned the merits[1] occurred in June. On June 30, 2009, plaintiff filed a stipulation of discontinuance. The stipulation listed the case number for this case and purported to discontinue "the above entitled action," but listed only the now-former defendants and their non-party insurer in the caption. When the Court inquired by telephone why a non-party insurer appeared in the caption while the now-remaining defendants did not, plaintiff's counsel clarified that the stipulation was crafted to discontinue only the personal injury claim (i.e., the second and third causes of action in the complaint). Because the stipulation indeed does not name the now-remaining defendants, the Court construed the stipulation in this way and dismissed the second and third causes of action with prejudice, in an Order entered on July 13, 2009.

On July 17, 2009, defendants filed a motion to vacate this Court's July 13, 2009 Order. In support of their motion, defendants contend that they did not know in advance that a stipulation would be filed, and that their approval was needed pursuant to FRCP 41(a)(1)(A)(ii). Defendants contend further that "defendant Town has asserted cross claims against the co-defendants" and that a discontinuance in violation of FRCP 41(a)(1)(A)(ii) prejudices them and their cross-claims.

---

[1] On June 30, 2009, this Court granted conditionally plaintiff's counsel's motion to withdraw.

**DISCUSSION**

This Court had full authority to dismiss the causes of action against the former defendants, pursuant to the stipulation that plaintiff filed. Defendants note correctly that FRCP 41(a)(1)(A)(ii) requires generally that dismissal of "an action" requires the signatures of "all parties who have appeared." Even if FRCP 41(a) were the only rule governing the stipulation, though, defendants' motion rests on too literal an interpretation of that rule. "We would be inclined to favor . . . the liberality of the contrary view espoused in other cases . . . . Yet it may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2)." *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) (citations omitted); *accord Baksh v. Captain*, No. 99-CV-1806, 2000 WL 33177209, at *2 (E.D.N.Y. Dec. 11, 2000) (quoting *Johnston*). More importantly, defendants have not cited FRCP 15 and 21, two other rules that allow this Court to recognize plaintiff's right not to pursue the personal injury causes of action. "[I]t is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citation omitted). Also, "Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation." *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995) (citations

4

omitted).  Here, plaintiff filed a complaint that contained two distinctly different claims against non-overlapping defendants.  Plaintiff later decided not to pursue the personal injury claim.  Plaintiff memorialized that decision by filing a stipulation that named only the defendants in the personal injury claim and discontinued that claim.  Plaintiff filed that stipulation before the service of any answer.  This early in the case, before issue even has been joined, there is no reason to give defendants to a completely different claim veto power over the stipulation and to force plaintiff to prosecute a claim against his wishes.  Between Rules 15, 21 and 41, the Court has authority to allow plaintiff to prosecute the case as he sees fit at this early stage.

Dismissal of the personal injury causes of action also cannot prejudice defendants in the absence of an appearance, or joinder of issue.  Prior to the pending motion, the only document that defendants filed in the docket for this case was the notice of removal.  The notice of removal contains no information suggesting that defendants answered the complaint in state court.  Despite the requirements in FRCP 81(c)(2), defendants have not answered the complaint post-removal.  The removal alone does not constitute a general appearance that would confer standing to challenge the stipulation.  *See Clark v. Wells*, 203 U.S. 164, 171 (1906) ("[T]he exercise of the right of removal did not have the effect of entering the general appearance of the defendant, but a special appearance only for the purposes of removal.") (citation omitted).  Without even an answer on file,

there is no basis in the docket for defendants' contention that they have asserted cross-claims or taken any kind of litigation position that would be prejudiced by a dismissal of causes of action that never named them. Once they appear in this case, defendants are free to seek relief under FRCP 13(h) or other applicable authority if they believe that other parties should appear in this case in connection with the first cause of action.

## CONCLUSION

For the foregoing reasons, defendants' motion to vacate the Court's Order of July 13, 2009 is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: August 3, 2009