UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUDOLPHUS BOANS, JR.,

                Plaintiff,

v.

TOWN OF CHEEKTOWAGA, et al.,

                Defendants.

**DECISION AND ORDER**
09-CV-37-A

---

This action alleging police misconduct is before the Court for resolution of issues concerning the scope of the trial. For the reasons that follow, the Court finds that: (1) Defendant Town of Cheektowaga remains potentially liable on the state-law false arrest and false imprisonment claims of Plaintiff Rudolphus Boans, Jr.; and, (2) a motion pursuant to Fed. R. Civ. P. 15 of Defendant Cheektowaga to amend its Answer to interpose two affirmative defenses, Dkt. No. 65, is denied. The parties shall appear to schedule a final pretrial conference and to set a date for trial on January 25, 2018, at 2:00 pm.

## DISCUSSION

The Court assumes the parties' close familiarity with all prior proceedings and with the issues presently before the Court. Defendant Town of Cheektowaga has taken the position that state-law false arrest and false imprisonment claims against it were previously dismissed. Defendant Cheektowaga suggests that when the Court granted summary judgment in its favor on claims under 42 U.S.C. § 1983 because there are inadequate grounds for imposition of § 1983 municipal liability, Dkt. No. 45,

that ruling encompassed all pending state-law tort claims as well. Dkt. No. 68.

Specifically, Defendant Town of Cheektowaga suggests "[i]t makes no sense" to have granted summary judgment on the § 1983 claims against it, but not on the common-law false arrest and false imprisonment claims. Dkt. No. 68, p.3. Defendant Cheektowaga's argument is without merit. It is firmly settled that "[u]nlike cases brought under [42 U.S.C.] § 1983, municipalities may be liable for the common law torts, like false arrest and malicious prosecution, committed by their employees under the doctrine of respondeat superior." *L.B. v. Town of Chester*, 232 F. Supp. 2d 227, 239 (S.D.N.Y. 2002). The Court granted the Defendant summary judgment on all the § 1983 claims against it because Plaintiff Boans failed to adduce facts legally sufficient to establish a unconstitutional custom or practice triggering the municipality's § 1983 liability. Dkt. No. 45. That finding is not dispositive of the common law claims, and while Court specifically awarded the Defendant summary judgment on some common law claims, it also found material fact issues to be decided by a jury concerning the reasons for the arrest and detention of the Plaintiff and denied summary judgment on the false arrest and false imprisonment claims. Dkt. No. 45.

Defendant Town of Cheektowaga moved pursuant to Fed. R. Civ. P. 15, after the Court granted partial summary judgment in its favor, to add two affirmative defenses to its Answer that the Defendant believes would be dispositive of the false arrest and false imprisonment claims against it. Dkt. No. 65. Defendant Cheektowaga seeks to add a statute of limitations defense and a defense based

upon a failure of a notice-of-claim condition precedent to Plaintiff Boans' suit. However, the Defendant has not carried its burden to establish good cause for its delay in interposing the affirmative defenses sufficient to overcome the prejudice to the Plaintiff of the amendments to the Answer.  *See e.g.*, *Funk v. F&K Supply, Inc.*, 43 F. Supp. 2d 205 (N.D.N.Y. 1999).

During oral argument of Defendant Town of Cheektowaga's motion to amend its Answer on September 8, 2017, the Defendant offered to stipulate to its conditional liability for a false arrest, or a false imprisonment, on the respondeat superior theory.  While such a stipulation would at least substantially mitigate prejudice to Plaintiff Boans from dismissal of the Defendant after a dispositive motion based upon a new affirmative defense, the Court finds the offer of the stipulation does not warrant granting the late motion to amend[1].

**IT IS SO ORDERED.**

                                        *Richard J. Arcara*
                                  HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT COURT

Dated:   October 23, 2017

---

[1] The Court notes that while evidence of an unconstitutional custom or practice is not necessary for a municipality to be liable for a false arrest or false imprisonment, such evidence may not even be admissible during a trial of such claims because the liability of a municipality for an employee's conduct is limited to compensatory damages.  *Sharapata v. Islip*, 56 N.Y.2d 332 (1982).